UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
07cr10081-NMG

UNITED STATES OF AMERICA

v.

PAUL BUMSTEAD

REPORT AND RECOMMENDATION ON MOTION UNDER 28 U.S.C. § 2255

January 6, 2012

SOROKIN, M.J.

This matter is before the Court on Defendant Paul Bumstead's ("Defendant" or "Bumstead") Motion to Vacate under 28 U.S.C. § 2255 (Docket #55). For the foregoing reasons, I RECOMMEND that the Motion be DENIED.

**I. Procedural History**

On March 21, 2007, a grand jury indicted Defendant Paul Bumstead on three counts of bank robbery, in violation of 18 U.S.C. § 2133(a). On December 23, 2008, the Defendant pled guilty in the United States District Court, District of Massachusetts, on all three counts. At the time of his guilty plea, Defendant was represented by Timothy Watkins, an attorney in the Federal Defenders Office. Attorney Watkins had replaced the prior CJA appointed counsel.

Prior to the sentencing hearing, U.S. Probation prepared a Presentence Report ("PSR") which was served on the parties on July 16, 2009. In the PSR, Probation determined that the Defendant qualified as a career offender under the United States Sentencing Guidelines. The report also contained Probation's responses to objections that the Defendant filed to the initial PSR.

On July 1, 2009, the Court held a sentencing hearing during which Attorney Watkins

1

represented the Defendant. The Defendant objected to his classification as a career offender and requested a sentence below the otherwise applicable Guideline Sentencing Range ("GSR"). The Court determined that the Defendant did qualify as a career offender, but declined to sentence him as such. Instead, the Court sentenced the Defendant to 105 months in prison, a term which is at the high end of the otherwise-applicable GSR. The Court also imposed a three year term of supervised release and ordered the Defendant to pay $9,233 in restitution.

The Defendant then filed a notice of appeal with the First Circuit. During his appeal, Defendant was represented by Chauncey B. Wood, who filed a brief on the Defendant's behalf on December 23, 2009. The First Circuit entered a judgment on June 2, 2010, allowing the Government's motion for summary disposition. The Defendant filed a petition with the First Circuit for a rehearing *en banc* on June 14, 2010, but he withdrew that petition on November 9, 2010. The Defendant later filed a petition for writ of certiorari on February 22, 2011 which was denied by the Supreme Court on April 4, 2011.

Most recently, the Defendant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on June 21, 2011. The Government opposes.

II.     DISCUSSION

Bumstead advances several arguments in support of his motion to vacate his sentence.

First, he contends he received ineffective assistance of counsel because his attorney failed to argue that one of Bumstead's prior convictions – resisting arrest – did not qualify as a predicate conviction for purposes of the career offender guideline. Had counsel so argued, Bumstead contends, the argument would have prevailed and further persuaded the Court to sentence Bumstead to something less than the high end of the non-career offender guideline. This argument is without merit.

As ably explained by the Government in its memorandum, Docket #59 at 6-9, a conviction qualifies as a career offender predicate when it counts separately from any other qualifying career offender predicates. USSG § 4B1.2(c). That Bumstead's resisting arrest conviction grouped with other convictions committed, charged, and sentenced together and one of those other charges resulted in a longer term of imprisonment, thus yielding the criminal history points, does not render Bumstead's conviction as not counted for purposes of the career offender guideline. United States v. Clark, 227 F. Supp. 2d 693, 694-95 (W.D. Ky. 2002). Rather the two predicate convictions need only count separately from each other under the relevant provisions of § 4A1.1(a), (b), or (c). In any event, the Count did <u>not</u> sentence Bumstead under the career offender guideline, although it determined he was a career offender. Thus, Bumstead could not show prejudice. Moreover, a review of the transcript reveals that the Court clearly and carefully explained both the reasons for declining to apply the career offender guideline and its reasons for imposing a sentence at the high end of the otherwise applicable guideline range – Bumstead's "shocking disregard for the law," his "extensive, continuous and unrelenting criminal record" and the "serious crimes" that brought him before the Court. Docket #49 at 19-20. Accordingly, Bumstead cannot establish either that his counsel committed error or that any error his counsel committed resulted in prejudice. Thus, he fails to meet his burdens under Strickland v. Washington, 466 U.S. 668 (1984).

Second, Bumstead contends counsel was ineffective in failing to argue for a reduced sentence or downward departure to account for one year he spent in state custody on a probation revocation for which he would receive no credit against his federal sentence. This argument is also without merit. Counsel did raise the general issue with the Court that Bumstead would not receive credit for the one year period. See Docket #49 at 10-11. While the Court may have had discretion to vary Bumstead's sentence in light of this year, it does not appear as an appropriate basis for a

downward departure for a sentence that arises from non-relevant conduct. See USSG §§ 5G1.3 & 5K2.23. Perhaps more importantly in the present context, the Court was well aware of the ramifications to Bumstead, elected to exercise its discretion to vary the sentence by applying the ordinary rather than career offender guideline and imposed the high end of that guideline. In these circumstances, Bumstead fails to establish error by counsel, prejudice or any reasonable probability that he would have received a different sentence had counsel done as he now suggests.

Third, Bumstead contends his attorney was ineffective in failing to assert the Probation Office "violated" Rule 32 of the Federal Rules of Criminal Procedure. Bumstead fails to explain this argument in any way, accordingly, he has failed to bear his burden of proof on this argument. See Nat'l Foreign Trade Council v. Natsios, 181 F.3d 38, 60 n.17 (1st Cir. 1999) ("We have repeatedly held that arguments raised only in a footnote or in a perfunctory manner are waived.").

Finally, Bumstead argues that his appellate counsel was ineffective for failing to contend on appeal that the resisting arrest conviction did not qualify as a career offender predicate. This argument fails for the reasons noted above. Fundamentally, Bumstead misapprehends the difference between the determination that he qualified as a career offender under the Guidelines and the plainly separate judgment the Court rendered regarding the nature and seriousness of both his offenses and his criminal record, after review of the facts and circumstances underlying both.

III. Conclusion

For the foregoing reasons, I hereby RECOMMEND that the Court DENY the Motion to Vacate (Docket #55).[1]

                                                  /s/ Leo T. Sorokin
                                                 LEO T. SOROKIN
                                                 United States Magistrate Judge

---

[1] The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 14 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See FED. R. CIV. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140 (1985).