United States District Court
District of Massachusetts

|                            | )                    |
|----------------------------|----------------------|
| UNITED STATES OF AMERICA,  | )                    |
|         Plaintiff,         | )                    |
|                            | )                    |
| v.                         | )  Criminal No.      |
|                            | )  07-10081-NMG      |
| PAUL R. BUMSTEAD,          | )                    |
|         Defendant.         | )                    |
|                            | )                    |

**MEMORANDUM & ORDER**

**GORTON, J.**

On February 9, 2012, this Court accepted and adopted the Report and Recommendation of Magistrate Judge Leo T. Sorokin that the habeas petition of Paul R. Bumstead ("Bumstead") be denied. Thereafter, Bumstead filed an appeal with the United States Court of Appeals for the First Circuit. On April 20, 2012, the First Circuit requested the Court to issue or deny a certificate of appealability consistent with Rule 11(a) of the Rules Governing Section 2255 Proceedings.

Under 28 U.S.C. § 2253(c), a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a "substantial showing," a petitioner must demonstrate that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

-1-

> presented were adequate to deserve encouragement to proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In his habeas petition, Bumstead challenged his conviction on the ground that he received ineffective assistance of counsel at sentencing and on appeal. As explained in the Report and Recommendation accepted and adopted by this Court, the arguments advanced in support of his petition were either without merit or were waived:

1) the Court did not sentence him under the career offender guideline;

2) defense counsel raised the issue of the year he spent in state custody which, in any event, would not have been an appropriate ground for downward departure; and

3) he did not adequately argue the purported violation of Fed. R. Crim. P. 32 committed by Probation.

In short, Bumstead has failed to establish any reasonable probability that he would have received a different sentence but for his counsel's allegedly deficient conduct. Because reasonable jurists could not debate the Court's ruling, the Court will deny petitioner's request for a Certificate of Appealability.

**ORDER**

In accordance with the foregoing, a Certificate of Appealability is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 25, 2012